**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Edney Distributing Company, Inc., | Civil No. 10-4929 (DWF/AJB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Buhler Trading, Inc., and Buhler Industries, Inc., | |
| Defendants. | |

_____

Brian J. Donahoe, Esq., Cutler & Donahoe, counsel for Plaintiff.

David M. Wilk, Esq., and John M. Bjorkman, Esq., Larson King LLP, counsel for Defendants.
_____

**INTRODUCTION**

This case concerns the termination of a 40-plus year relationship between two companies that sell farm equipment. On December 22, 2010, the matter came before the Court on a Motion for a Temporary Restraining Order brought by Edney Distributing Company, Inc. ("Edney"). For the reasons set forth below, the Court denies the motion.

## BACKGROUND

On December 8, 2010, Edney filed a Complaint in Dakota County State Court against Defendants Buhler Trading, Inc., and Defendant Buhler Industries, Inc. (collectively, "Buhler"), after Buhler purported to terminate its relationship with Edney. Edney is a South Dakota corporation with offices in South Dakota and Minnesota,[1] and Buhler is a Canadian corporation. In its Complaint, Edney alleges four causes of action against Buhler: (1) Violation of the Minnesota Agricultural Equipment Dealership Act ("MAEDA"), M.S.A. § 325E.061, *et seq.*; (2) Breach of Contract – Distributor Agreement; (3) Breach of Implied Duty of Good Faith and Fair Dealing; and (4) Interference with Contractual Relationships. On December 9, 2010, the Dakota County Court issued an *ex parte* temporary restraining order and scheduled an injunction hearing for December 21, 2010. On December 17, 2010, Buhler removed the action to this Court. Edney filed a motion for a temporary restraining order on that same day.

## ANALYSIS

Courts in the Eighth Circuit apply the same standards to a request for a preliminary injunction and temporary restraining order. *See S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989) (affirming the district court's application of the *Dataphase* factors to a motion for a temporary restraining order). Therefore, the Court must consider four factors in deciding whether to grant a

---

[1] The record is not clear as to the location of Edney's principal place of business. But at this stage of litigation, the location of Edney's principal place of business would not affect the Court's decision.

temporary restraining order: (1) the movant's likelihood of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the order will inflict on the party that is enjoined; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). Temporary restraining orders are extraordinary remedies, and the party seeking such relief bears the burden of establishing the *Dataphase* factors. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

The focus of Edney's motion is its claim under the MAEDA. The *sine qua non* of a claim under the MAEDA is the existence of a dealership agreement. Acknowledging that there is no written agreement between the parties, Edney asks the Court to presume that an oral one exists based on the parties' 40-plus-year relationship. To date, however, Edney has failed to define the terms of that relationship. Buhler responds by pointing out that the parties that may have made the dealership agreement are no longer living and that the circumstances that were in place when that relationship began (and when the MAEDA was enacted) have changed recently. It appears to the Court that although the relationship has certainly been a long-term, stable relationship, it has been changing just as each corporate entity has changed over the years.

The Court cannot use its extraordinary equitable powers to enter an injunction to define the contours of that relationship, including how the relationship has changed in significant ways over the 40-year period, and how the entities themselves have changed, with respect to where they do business, how they do business, and the products that were the subject of that relationship. Given this and at this stage only, the Court concludes that

Edney has failed to meet its burden under the *Dataphase* factors and therefore denies Edney's temporary injunction motion. However, as the Court will note below, the Defendant should not equate victory at this stage with victory at the next stage, especially when there is a serious question in the Court's mind as to whether the manner in which the Defendant has gone about ending this relationship is being accomplished with good faith and fair dealing in mind.

## CONCLUSION

Under the consumer-friendly provisions of the MAEDA, Edney may well be entitled to injunctive relief in the future.[2] The Court's Order today reflects only its view on the record before it, not whether it believes Edney will ultimately succeed in obtaining relief under the MAEDA or any other state's statute. The record in this case needs to be more fully established. Understanding the parties' needs for resolution in this matter, the Court agrees to allow the parties to proceed on an expedited basis with a preliminary injunction motion. The Court will give the parties calendar priority and access to the Court to allow this litigation process to proceed quickly.

The Court will indeed give calendar priority to the parties to address the issues which could likely result in a different outcome, for the reasons stated above. But because the best interests of the parties would likely be served by a settlement that would assist the parties in winding down their relationship in some responsible manner with a

---

[2] The Court has purposefully not addressed any issues related to the territorial scope of the MAEDA.

sense of good faith and fair dealing in mind and honest communication with their respective customers, the Court will direct that a settlement conference be set up with Chief Magistrate Judge Arthur J. Boylan.  The November 19th letter of Plaintiff's counsel to the Defendant could certainly serve as a guidepost for discussion between the parties at a settlement conference including, but not limited to, discussing the practical realities of the December 20th date that were expressed in that letter.[3]  The parties need to address these matters, especially given the manner by which Defendant notified its clients that it was going to begin selling dealer direct as of December 15, 2010.  (Doc. No. 1-5.)

Although the Court declines to enjoin Buhler from certain activities, it expects the parties to behave as if an injunction were in place until they meet with Chief Magistrate Judge Boylan.  Namely, the Court expects that the parties will (1) act in good faith; (2) not disparage one another to customers; and (3) whenever possible try to maintain the status quo to the extent that the parties agree on what that may be.

Accordingly, **IT IS HEREBY ORDERED** that:

1.	Edney's Motion For a Temporary Restraining Order (Doc. No. [2]) is **DENIED**.

---

[3]	As Plaintiff notified Defendant in the letter dated November 19, 2010, the parties need to resolve the following issues:  "1) the method of returning inventory; 2) how to address outstanding orders that have been delayed; 3) how to process future orders; 4) the proper handling of warranty claims; and 5) the indemnification by Buhler of Edney Distributing for any and all sales or warranty work to be completed after the agreement has been terminated."  (Doc. 9-2 (filed under seal).)

2.     The parties shall contact Chief Magistrate Judge Arthur J. Boylan's chambers at 651-848-1210 no later than noon on Monday, December 27, 2010, to schedule a settlement conference.


Dated:  December 23, 2010                s/Donovan W. Frank
                                         DONOVAN W. FRANK
                                         United States District Judge